UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. BEYER, | No. 2:15-cv-1306 DB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In March of 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on January 1, 2012. (Transcript ("Tr.") at 10, 155-57.) Plaintiff's application was denied initially, (id. at 108-

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 4 & 6.)

12), and upon reconsideration. (Id. at 114-18.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 5, 2014. (Id. at 50-72.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 51-53.)

In a decision issued on July 9, 2014, the ALJ found that plaintiff was not disabled. (Id. at 21.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2012 through his date last insured of December 31, 2012 (20 CFR 404.1571 *et seq*.).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative joint disease of the right knee with osteoarthritis (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). Specifically, the claimant could lift and or carry 50 pounds occasionally and 25 pounds frequently; he could sit, stand and or walk for six hours each in an eight hour day; he could frequently climb but he could never climb ladders, ropes or scaffolds; he could frequently balance, stoop, crouch, and crawl; and he could occasionally kneel.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a janitor, groundskeeper, and home attendant. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2012, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(f)).

(Id. at 12-21.)

/////

2

On April 24, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's July 9, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 18, 2015. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

/////

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following two principal errors in finding him not disabled: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ's decision is not supported by substantial evidence. (Pl.'s MSJ (Dkt. No. 12) at 3-15.[2])

**I.   Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

of either an examining physician or a treating physician." (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

### A. ALJ Failed to Discuss and Consider Dr. E. Christian's Opinion

Here, on May 17, 2013, Dr. E. Christian, a nonexamining state agency physician, completed a "PHYSICAL RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT." (Tr. at 98-100.)  The ALJ's decision, however, does not discuss Dr. Christian's opinion.  "The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); see also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.").

The ALJ's failure to discuss Dr. Christian's opinion constitutes legal error.  See Lingenfelter v. Astrue, 504 F.3d 1028, 1037-38 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal error where ALJ ignored medical evidence of claimant's impairments without explanation); Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical evidence without giving specific, legitimate reasons for doing so), superceded by statute on another point as stated in Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir. 1990).

Moreover, the court cannot find that the ALJ's error was harmless.  In this regard, Dr. Christian opined that plaintiff's "[p]ush and/or pull" abilities were "[l]imited in upper extremities . . . . Right." (Tr. at 98.)  The ALJ's residual functional capacity ("RFC") determination, however, does not limit plaintiff's ability to push and or pull in any respect. (Id. at 15.)  A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1).  The assessment of RFC must be "based on all the

5

relevant evidence in [the claimant's] case record." Id.

Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[3] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot conclude that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 12) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 20) is denied;

/////

---

[3] In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claim of error.

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: January 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\beyer1306.ord